BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE BOMB DISASTER AT ROSEVILLE,  )
CALIFORNIA, ON APRIL 28, 1973      )      DOCKET NO. 207
                                   )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER *,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

I.    Background of the Litigation

On April 28, 1973, a day-long series of explosions
shook the city of Roseville, California.  The explosions, which
were caused by the accidental detonation of a train of bomb-
laden boxcars, resulted in personal injuries, heavy damage to
real and personal property and the evacuation of approximately
35,000 people.

According to our records, 71 actions arising from the
explosions are currently pending in three federal district courts:
65 in the Eastern District of California, five in the District
of Nevada and one in the Central District of California.  In addi-
tion, several actions are pending in California state courts.

Seventy of the federal actions involve claims for
damages in the aggregate exceeding $70 million, while the remain-
ing federal action involves a claim for injunctive relief.
The plaintiffs in these actions are individuals, businesses and

_____

*   Although Judges Wisdom, Robson and Becker were unable
    to attend the Panel hearing, they have, with the consent
    of all parties, participated in this decision.

- 2 -

government bodies who allegedly sustained damages as a result of
the explosions and insurers who have paid claims arising out of
the explosions.  The major defendants are the United States of
America (maker and owner of the bombs), the Southern Pacific
Transportation Company (owner of the train and railroad yard
where the detonations occurred) and Pullman-Standard Division
of Pullman, Inc. (maker of the boxcars).  In one action, <u>Southern
Pacific Transportation Co. v. United States of America</u>, D. Nevada,
Civil Action No. Civ. R-74-16-BRT, two of these defendants are
contesting the issues of liability, indemnification and contribution.

II.  <u>Proceedings Before the Panel</u>

        Every federal action is before the Panel for Section
1407 consideration as a result of a motion filed on behalf of
plaintiffs in fifteen actions and a show cause order issued by
the Panel.  The moving plaintiffs urge the Panel to transfer
all the actions to the Eastern District of California or, in
the alternative, the District of Nevada.  Although the Panel
received a number of responses from certain plaintiffs either
partially or totally opposing the motion, counsel for movants
stated during oral argument before the Panel that he was author-
ized to advise us that all plaintiffs except those in three
actions now favor transfer to the Eastern District of California.
Defendants United States and Southern Pacific support transfer
to that district of all actions except one.  Defendant Pullman
totally opposes transfer.

- 3 -

We find that these actions involve common questions
of fact and that their transfer to the Eastern District of Cali-
fornia for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407 will best serve the convenience of
the parties and witnesses and promote the just and efficient
conduct of the litigation.

III.  <u>Arguments of the Parties Partially or Totally Opposing
      the Motion</u>

Although both Southern Pacific and the United States
admit the existence of numerous common questions of fact among
all these actions, they oppose transfer of the <u>Southern
Pacific</u> action.  They contend that discovery is more advanced
in <u>Southern Pacific</u> than in the other actions; that the action
will be ready for trial in early 1976; and that its prompt reso-
lution will settle the liability issues between the two primary
defendants, which, in turn, will lead to the most expeditious
termination of the rest of the litigation.  These parties voice
the fear that transfer of <u>Southern Pacific</u> will unnecessarily
hinder its progress to the detriment of the entire litigation
and they suggest that the pretrial proceedings in this
action would be delayed by the presence of additional counsel.
In addition, Southern Pacific and the United States argue that
many of the benefits of transfer are contained in their proposed
stipulation that all discovery accomplished in <u>Southern Pacific</u>
may be used in any other action relating to these bomb explosions.

- 4 -

Southern Pacific even stipulated at the Panel hearing that it will be bound by any adverse decision in <u>Southern Pacific</u> on the issue of liability and that thereafter the only remaining issue in other actions will be the amount of damages sustained by each plaintiff.

Pullman opposes any transfer under Section 1407 and argues that no common factual issues exist, insofar as Pullman is concerned, because the actions in which it is named as a defendant are founded upon legal theories different from those asserted against the other defendants.  Pullman maintains that it should not be drawn into complex litigation involving over 70 actions when it is a party in only nine of these actions.  Also, it contends that transfer would interfere with the rapid adjudication of all actions, would cause Pullman to incur unnecessary expenses and would not prevent duplicative discovery.

The three plaintiffs who oppose transfer argue that the best alternative is to wait for the resolution of <u>Southern Pacific</u> and then proceed individually on the question of damages.

IV.  <u>The Question of Transfer</u>

We are persuaded that all the actions in this litigation, including <u>Southern Pacific</u>, belong in a single district for coordinated or consolidated pretrial proceedings under Section 1407.  As all parties except Pullman recognize, every action shares common factual issues inasmuch as they all arose out of a single disaster and contain many similar allegations with respect to the liability of defendants.   Although we realize

that discovery in Southern Pacific is at a significantly more advanced stage than in the other actions, both of the parties in that action concede that more discovery is required before the action is ready for trial. Hence, the uncompleted discovery therein can be accomplished under the direction of the transferee judge to the benefit of the entire litigation. And in case the parties are unable to effectuate a stipulation that the discovery heretofore completed in Southern Pacific may be used in all other actions, the transferee judge may take measures to make such discovery applicable to those actions by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, §3.11 (rev. ed. 1973). Thus, transfer of all actions to a single district will ensure the prevention of duplicative discovery and also eliminate the possibility of conflicting pretrial rulings. In addition, we do not perceive any harm that defendant Pullman will suffer by a Section 1407 transfer since the actions in which it is named as a defendant are already pending in the transferee district.

Transfer under Section 1407 will have the salutary effect of placing all actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole, especially regarding the processing of Southern Pacific in relation to the rest of the litigation. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974).

- 6 -

Too, a single judge with an overall perspective of the entire litigation will be able to formulate a pretrial schedule that will minimize the overall expense to the parties and avoid the delay feared by the defendants.  For example, the transferee judge can order the parties to conduct discovery through lead and liaison counsel, thereby resulting in streamlined pretrial proceedings that will accrue to the advantage of everyone concerned. See Manual for Complex Litigation, Part I, §§1.90 -1.93 (rev. ed. 1973).

When Southern Pacific is, in fact, ready for trial, the transferee judge may suggest that the Panel remand the action to the District of Nevada, see R.P.J.P.M.L. 11, 65 F.R.D. 253, 260-63 (1975), or the transferee judge may, if he deems it appropriate, transfer the action for all purposes to the transferee or other district under 28 U.S.C. §§1404(a) or 1406, see Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971).

V.   Selection of the Transferee District

Clearly, the Eastern District of California is the most appropriate transferee forum for this litigation.  A vast majority of the actions are already pending in that district.  And much of the discovery will occur there because it is the situs of the explosions and the residence of many of the parties and witnesses.  Moreover, Chief Judge Thomas J. MacBride, to whom most of the actions in the Eastern District of California are assigned, has become acquainted with the issues involved in this litigation, which will enable him to supervise it toward its most just and expeditious conclusion.  Furthermore, since

- 7 -

several actions are pending in California state courts, transfer of all federal actions to California will provide an opportunity for the federal and California state courts to coordinate the discovery efforts in the two jurisdictions and thereby greatly facilitate the processing of the various actions arising out of the explosions.  See In re Air Crash Disaster Near Silver Plume, Colorado, on October 2, 1970, 352 F. Supp. 968, 969 (J.P.M.L. 1972); cf. In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F. Supp. 1394, 1395-96 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Eastern District of California be, and the same hereby are, transferred to the Eastern District of California and, with the consent of that court, assigned to the Honorable Thomas J. MacBride for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A                                              DOCKET NO. 207

### CENTRAL DISTRICT OF CALIFORNIA

Los Angeles By-Products Co. v.                  Civil Action
United States of America                        No. Civ. 75-886-AAH

### DISTRICT OF NEVADA

John Bracy, et al. v. United States             Civil Action
of America, et al.                              No. R75-10-BRT

Southern Pacific Transportation Co.             Civil Action
v. United States of America                     No. R74-16-BRT

The Old Republic Insurance Co. v.               Civil Action
United States of America                        No. R-75-15-BRT

Safeway Stores, Inc. v. United States           Civil Action
of America                                      No. R-75-22-BRT

Martin Bechtel, et al. v. United States         Civil Action
of America                                      No. R-75-35-BRT

### EASTERN DISTRICT OF CALIFORNIA

Allstate Insurance Co., et al. v.               Civil Action
United States of America, et al.                No. Civ. S74-722

Pedro Ayala, et al. v. United States            Civil Action
of America, et al.                              No. Civ. S74-172

Martin Bechtel, et al. v. United States         Civil Action
of America, et al.                              No. Civ. S74-599

Charles L. Bobbitt, et al. v.                   Civil Action
United States of America, et al.                No. Civ. S74-111

Margarito S. Chavez v. Southern                 Civil Action
Pacific Transportation Co.                      No. Civ. S74-78

Margarito S. Chavez v. United States            Civil Action
of America                                      No. Civ. S74-681

Nina D. Compo, etc. v. United States            Civil Action
of America                                      No. Civ. S74-724

Karel Harrod, et al. v. United States           Civil Action
of America                                      No. Civ. S75-156

George A. Leggett v. Southern                    Civil Action
Pacific Transportation Co.                      No. Civ. S3005

- 2 -

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National American Insurance Co. of Omaha, et al. v. United States of America, et al. | Civil Action No. Civ. S74-632 |
| Joseph M. Pujals, et al. v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S-2911 |
| Reserve Insurance Co. v. United States of America | Civil Action No. Civ. S75-84 |
| Sentry Insurance Co. v. United States of America, et al. | Civil Action No. Civ. S75-180 |
| Darla Mae Walker v. Southern Pacific Transportation Co. | Civil Action No. Civ. S74-128 |
| John Belche, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-148 |
| James B. Adams, et al. v. United States of America, et al. | Civil Action No. Civ. S74-268 |
| Norman Edwards v. The United States of America, et al. | Civil Action No. Civ. S74-211 |
| Robert A. Durgin, et al. v. United States of America, et al. | Civil Action No. Civ. S74-124 |
| Marion Louise Campos v. United States of America, et al. | Civil Action No. Civ. S74-170 |
| Myron L. Fulkerson, et al. v. United States of America, et al. | Civil Action No. Civ. S74-171 |
| Unigard Insurance Group v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-551-TJM |
| Pacific Gas & Electric Co. v. United States of America, et al. | Civil Action No. Civ. S74-731-PCW |
| A.J. Labruzzo v. United States of America, et al. | Civil Action No. Civ. S74-661-TJM |
| Ohio Casualty Insurance Co., et al. v. Southern Pacific Railroad, et al. | Civil Action No. Civ. S74-734-TJM |
| Antonio C. Bermudez, Jr., et al. v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-733-TJM |
| Philip L. Ott & Son, Inc. v. United States of America, et al. | Civil Action No. Civ. S75-35-TJM |

- 3 -

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Doyle Brown v. United States of America, et al. | Civil Action No. Civ. S74-149 |
| People of the State of California, etc. v. The United States of America, et al. | Civil Action No. Civ. S75-15-TJM |
| Mission Insurance Co. v. United States of America, et al. | Civil Action No. Civ. S74-716 |
| Herman Klein, et al. v. United States of America, et al. | Civil Action No. Civ. S75-143-TJM |
| United Services Automobile Assn., et al. v. United States Department of Navy, et al. | Civil Action No. Civ. S75-20-PCW |
| Charles Sales, Jr. v. The United States of America, et al. | Civil Action No. Civ. S74-703-TJM |
| Leora M. Farmer v. Southern Pacific Railroad Co., et al. | Civil Action No. Civ. S74-169 |
| Noni Seeger, et al. v. The United States of America, et al. | Civil Action No. Civ. S75-186-TJM |
| Laurel Stizzo v. United States of America, et al. | Civil Action No. Civ. S75-260 |
| The American Star Ins. Co., etc. v. United States of America, et al. | Civil Action No. Civ. S75-253-TJM |
| Robert T. Baker, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-178-TJM |
| George N. Spurr, et al. v. The United States of America, et al. | Civil Action No. Civ. S75-115-TJM |
| Bessie Sutter v. The United States of America, et al. | Civil Action No. Civ. S75-116-TJM |
| Richard Eugene Todd, et al. v. The United States of America, et al. | Civil Action No. Civ. S75-214-TJM |
| Jo Ellen Nordyke v. The United States of America, et al. | Civil Action No. Civ. S75-215-TJM |
| Annie Barca v. The United States of America, et al. | Civil Action No. Civ. S75-216-TJM |
| George G. Barca, et al. v. The United States of America, et al. | Civil Action No. Civ. S75-213-TJM |

- 4 -

| | |
|---|---|
| Teresa Urban v. United States of America, et al. | Civil Action No. Civ. S74-562 |
| Juanita Blount v. United States of America, et al. | Civil Action No. Civ. S74-563 |
| Irene Anderson, et al. v. The United States of America | Civil Action No. Civ. S74-177 |
| Mary N. Davidson, et al. v. United States of America | Civil Action No. Civ. S74-672-TJM |
| David Dashnaw, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-176 |
| Herman L. Perkins, et al. v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-146 |
| Herman L. Perkins, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-147 |
| Loeta F. Odle, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-165 |
| Doyle B. James, et al. v. Southern Pacific Railroad Co., et al. | Civil Action No. Civ. S74-163 |
| Doyle B. James, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-164 |
| Oscar B. Williams, et al. v. Southern Pacific Railroad Co., et al. | Civil Action No. Civ. S74-168-TJM |
| Oscar B. Williams, et al. v. The United States of America, et al. | Civil Action No. Civ. S74-167 |
| Oma A. James v. The United States of America | Civil Action No. Civ. S74-175 |
| Bonnie L. Worthington v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-174-TJM |
| Irving Gum v. The United States of America | Civil Action No. Civ. S74-607-TJM |
| Ruby Elaine Underwood v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-173-TJM |
| Barbara Ann Ashburn v. Southern Pacific Transportation Co., et al. | Civil Action No. Civ. S74-162 |

- 5 -

| | |
|---|---|
| Northwestern National Insurance Group, et al. v. United States of America | Civil Action No. Civ. S75-50-TJM |
| Barbara E. Compton v. The United States of America, et al. | Civil Action No. Civ. S74-179 |
| County of Sacramento, etc. v. United States of America, et al. | Civil Action No. Civ. S74-538-TJM |
| Mary D. Bennett v. United States of America, et al. | Civil Action No. Civ. S74-561 |
| Loeta F. Odle, et al. v. Southern Pacific Railroad Co., et al. | Civil Action No. Civ. S74-166 |